On the trial at Wilkes, on the last Circuit, before his Honor Judge TOOMER, it appeared, that the defendant had married a daughter of Thomas Fletcher, the plaintiff's testator, who owned the slave in question, and in September, 1828, had sent him to the defendant, in whose possession he remained until the bringing of this action. The defendant's wife having died, her father, by letter, on the 14th of March, 1829, demanded the slave of the defendant, who refused to deliver him up, saying that the slave belonged to him. Fletcher, afterwards, on the first of April, of the same year, again wrote to the defendant demanding the slave, and sent an agent to receive him, and threatened to bring an action in case of a refusal. The defendant again refused to deliver up the slave, and retained him claiming him as his own. Fletcher died in the year 1835, and the plaintiffs, as his executors, after a demand and refusal, brought this action in the month of October, 1836.
His Honor charged the jury, that the original possession of the slave by the defendant, was but a bailment, and transferred no title: that the bailment was revocable at the will of the bailor: that if the plaintiff's testator demanded the slave at the times mentioned in the two letters produced in evidence, and the defendant refused to surrender him, and claimed him as his own, and that refusal to surrender, and claim of title by the defendant was made known to the bailor, then the bailment was at an *Page 505 
end, and the bailee became a wrong-doer. His possession immediately became adverse to that of the bailor, to whom a cause of action then accrued; and if this adverse possession was continued by the defendant for more than three years, then the plea of the statute of limitations was supported and the suit was barred. The jury found a verdict for the defendant, and the plaintiffs appealed.
— We have examined this case, and are unable to discover any error in the charge of the Court to the jury. It is a case completely within the principle decided by this Court in Powell v. Powell, 1 Dev. Batt. Eq. Rep. 379. The judgment must be affirmed.
PER CURIAM. Judgment affirmed.